ASAPH KNAPP v. THE TOWN OF MARLBORO.

*Judgment. Evidence.*

The town of M. leased certain land bounded on the north by the north line of the town. The plaintiff, who occupied under the lease, brought an action against the town for the breach of the covenant of quiet enjoyment, and on trial introduced in evidence the record of a judgment of eviction against him in an action of ejectment in favor of G., which however, appeared to cover only land bounded on the south by the north line of the town; but to prove an eviction from a portion of the premises described in the lease, the plaintiff also offered to show, that the true north line of the town was twelve rods further north than such north line as established in the judgment in favor of G. against him; *Held,* that such judgment was not conclusive, either for or against the town, as it was not a party thereto, nor made privy by being cited in to defend the action; and therefore, that the evidence was admissible.

This was an action of covenant, declaring for the breach of an alleged covenant for quiet enjoyment in a perpetual lease from the town of Marlboro to Jonathan Rising, his heirs and assigns, of "two hundred acres on the north side of right numbered fifty-seven, bounded north on the north line of said right, east on the east line of said right, and west on the west line of said right, and to extend so far south as to contain two hundred acres with a line parallel with the north line."

The defendant pleaded the general issue, and several pleas in bar, which were traversed, and the cause was tried by jury, at the April Term, 1858, REDFIELD, Ch. J., presiding.

The plaintiff introduced in evidence the charter of the town

of Marlboro, dated April 29, 1751, showing one right reserved for the use of schools, and a plan of the town showing this right allotted as number fifty-seven, and situated in the north-west corner of the town; also the lease declared upon, dated April 6, 1795, together with a series of deeds showing a chain of title to fifty acres in the north-west corner of lot number fifty-seven, from Jonathan Rising, the original lessee, to the plaintiff, who it appeared took possession thereof under such title in April, 1834, and down to the time of the eviction, constituting the alleged breach, paid rent to the town, according to the provisions of the lease.

The plaintiff also gave in evidence a copy of the record of a judgment against him rendered in an action of ejectment in favor of one Gillett against him, together with the writ of possession for the land therein recovered, and the officer's return thereon, showing an eviction of the plaintiff therefrom. In this record the land so recovered of the plaintiff was described as situated in the town of Dover, and as bounded on the south by the north line of the town of Marlboro.

The plaintiff then offered to prove that the true north line of the town of Marlboro, as it was chartered , and the true north line of the school right, was situated twelve rods north of the north line of that town as established in the suit in favor of Gillett against him, to which the defendant objected, insisting that the line established in that suit must, for the purposes of this action, be taken as the true north charter line of Marlboro, because the true north line of that town was the question in dispute in that suit.

The court, *pro forma*, excluded the evidence, to which the plaintiff excepted, and submitted to a verdict against him.

*C. N. Davenport* and *Stoughton & Grant*, for the plaintiff, cited 1 Greenleaf's Ev. sec. 524 ; 3 Cowen & Hill's Notes to Phillips on Ev. 819 ; *Hurst's lessee* v. *McNiel*, 1 Wash. C. C. 70–75 ; 1 Starkie on Ev. 195 ; 1 Phillip's Ev. 326 ; *Wood* v. *Davis*, 7 Cranch 271 ; *Worcester* v. *Green*, 2 Pick. 425 ; *Atkinson* v. *Allen*, 12 Vt. 619 ; *Nason* v. *Blaisdell*, 15 Vt. 165 ; *Bardell* v. *West*, 2 N. H. 190 ; 2 Black. Com. 286 ; 2 Smith's Lead. Cases 518 ;

*Adams* v. *Butts*, 9 Conn. 79; *Williams* v. *Wetherbee*, 2 Aik. 399; *Turner* v. *Peaslee*, 26 Vt. 707.

*P. T. Washburn* and *Bradley & Kellogg*, for the defendant, cited *Hays* v. *Bickerstaff*, Vaughn 118; Rawle on Covenants 147; *Dudley* v. *Folliott*, 3 Term 583; *Kelly* v. *Dutch Church*, 12 Hill 111; *Williams* v. *Wetherbee*, 2 Aik. 337; *Ellis* v. *Welch*, 6 Mass. 250; *Wotton* v. *Hill*, 2 Saund. 177; *Knapp* v. *Marlboro*, 29 Vt. 282; *Somerville* v. *Hamilton*, 4 Wheat. 230; *Morse* v. *Crawford*, 17 Vt. 499; *Walworth* v. *Readsboro*, 24 Vt. 265.

ALDIS, J. Upon a former hearing of this case it was decided that the lease from Marlboro to Rising contained a covenant of quiet enjoyment; that by the terms of the lease the covenant applied only to land lying in the town of Marlboro, and could not be extended by parol evidence to include land lying north of the north line of Marlboro, in Dover; and that the covenant ran with the land, and inured to the benefit of the plaintiff.[*]

Counsel do not seem to differ as to the general principles of law applicable to the proof of a breach of this covenant, viz: that the covenantee must be evicted from some portion of the land, by one making a lawful claim by a better title existing at the time the covenant was made; Rawle on Covenants 147, and cases there cited.

To show an eviction from the land the plaintiff introduced a record of a recovery in ejectment by Gillett against him. This was the proper legal evidence that such a judgment was rendered. The description in the record of the judgment of the land recovered by Gillett, apparently applies to land in Dover, not in Marlboro. The premises recovered are bounded south by the north line of Marlboro, and so seem to adjoin, but not to cover, the land described in the lease to Rising. To show that this land so recovered really included a part of the land covered by the covenant, the plaintiff offered to show that the true north line of Marlboro, and of the school right, was twelve rods north of the line which is called in the record of the judgment the north line of Marlboro; that in point of fact, the land described in the judgment did include a part of the land conveyed by the lease to

---

[*] *Knapp* v. *Marlboro*, 29 Vt. 282.

Rising, and that the line called in the record of the judgment the north line of Marlboro, was not the true north line of Marlboro, but was twelve rods south of the true line. To this the defendant objected on the ground that the line, which was established as the north line of Marlboro in the suit *Gillett* v. *Knapp*, must for the purposes of this suit be taken as the true north charter line of that town. The court so held and excluded the evidence.

Parol evidence must necessarily be admitted to apply the description in the record to the land; and so applying the description, it is not controverted but that the land described in the record is a part of the land described in the lease, provided the north line of Marlboro is where the plaintiff claims it to be.

He shows, therefore, an eviction from land covered by his lease, provided the lease extends as far north as the line claimed by him to be the true north line of Marlboro.

To show this fact necessary for a recovery, he offered this parol evidence. It was excluded on the ground that it was contradicted by the record, and that the plaintiff was concluded by the record.

The decision of the county court must rest upon the ground that the judgment in that case is *conclusive* as to where the north line of Marlboro is, not only between the parties to that suit, but also between Knapp and the town of Marlboro.

A record of a judgment is conclusive as to all persons to prove the fact that such a judgment was rendered; but when used to prove matters of fact recited in the judgment, it is conclusive only as to parties and privies. In the suit *Gillett* v. *Knapp*, the town of Marlboro was not a party, was not vouched in to defend, was not a privy in the law, and is not concluded by the judgment. This is too plain to require argument or cite authority. It is the common case of a warrantor or covenantor, who, not being vouched in to defend, has no control over, and is not bound by, the proceedings in the suit. Not being concluded by the record, the defendant has not the right to insist that the record shall conclude the plaintiff, for both must be bound or neither. We think, therefore, that the court below erred in holding that the judgment was conclusive of the fact that the land recovered was in Dover, and that parol evidence was not admissible to show that it was in Marlboro.

What was the result of this ruling? It was that the plaintiff was estopped by that record of judgment from proving a fact which it was indispensable for him to show in order to recover, viz : that the land of which he was evicted in that suit, was a portion of the land covered by the covenant for quiet enjoyment.

Of course the plaintiff must have failed in the suit, if he had ready in court all the other evidence that was requisite to maintain every other point in his case. He was thereby obliged to submit to a judgment against him. Whether he could have proved that the eviction was by one claiming under an elder and better title, we can not now determine, for it was idle for him to offer such proof if he had it.

Nor ought we to presume, even it did appear that all the evidence offered up to the time of this ruling failed wholly to show eviction by such lawful and better title, that the plaintiff might not have had evidence to offer which would wholly have changed the aspect of the case on that point. It is obvious that a state of facts might have existed showing such an eviction, and if so, we can not say judicially but that the plaintiff might have proved it, and was precluded from so doing by this decision, and its necessary result in defeating the plaintiff's recovery.

II. It is further claimed by the defendant that if the testimony excluded by the court had been received, it would only have proved that the land from which he was evicted was in Marlboro, and therefore land to which he had a good title by his lease, and of which he might have had the quiet enjoyment but for his own negligence or wrong in suffering a recovery against him; that to prove it in Marlboro, proves the recovery not to have been by better title existing at the time the covenant was made, but to have been by a wrongful claim of land in Marlboro under a title to land in Dover ; and therefore, that by necessary conclusion, the plaintiff on his own showing must have been cast in the suit.

This aspect of the case, as it now stands, presents a perplexing question, and may raise a serious, perhaps a fatal, objection to a final recovery by the plaintiff. But we are not prepared to say that it is obviously such a necessary and inevitable impediment to a recovery, as requires the court at this time to treat it as a bar to the action. The plaintiff has not had the opportunity to

make out his case in regard to the character of the eviction. He may, perhaps, prove facts to show that though the land was really in Marlboro, the eviction was by an elder and better title. We can not safely assume that we are able to perceive every probable state of facts which might have existed in connection with the title and the litigation, and that none could have existed consistent with the validity of the plaintiff's claim. It seems to us clear that the plaintiff must be allowed the right to present his claim fully in his own way, and not be deprived of it by anticipation that it must be insufficient.

Judgment reversed.