ASAPH KNAPP *v.* TOWN OF MARLBORO.

*Covenant.   Judgment.   Estoppel.   Voucher.*

When a coventator is vouched in to defend an action of ejectment by a third person against his covenantee, the judgment in the action of ejectment is con-clusive as to all matters therein adjudicated, in a subsequent action between the covenantor and covenantee.

To sustain an action for breach of a covenant for quiet enjoyment, it is neces-sary for the plaintiff to prove that he was evicted by a person who had a lawful and paramount title existing before or at the time of the defendant's covenant, as the covenant for quiet enjoyment applies only to the acts of those claiming title and to rights existing at the time it is entered into.

The plaintiff and his grantors had been in possession of the premises in con-troversy for more than half a century and he was then evicted by a third person; *Held* in an action against his covenantor, that such long continued possession raised a conclusive presumption that he was not evicted by title paramount.

Knapp v. Marlboro.

This was an action of covenant broken. Plea, the general issue and general pleas in bar—trial by jury.

The plaintiff gave in evidence the charter of the town of Marlboro, dated April 27, 1751, showing one right reserved to the use of schools; also, a plan of the town, showing that said right was allotted as right No. 57, and that said right was and is situated in the northwest corner of said town. It also appeared that said right No. 57 was and is bounded on the north by the town of Dover. The plaintiff further offered in evidence a copy of a lease from the selectmen of Marlboro to Jonathan Rising, dated April 6, 1795, accompanied with evidence tending to show that the description in said lease covered the north half of said right No. 57.

The plaintiff then gave evidence to show that Rising went into possession of the premises described in his deed or lease, soon after its execution, and that he and his said several grantees or lessees occupied under their respective deeds down to the plaintiff, and paid rent to the town, agreeably to the stipulations of the Rising lease.

The plaintiff's evidence tended to show that he took possession of the fifty acres in the northwest corner of the school right in April, 1834, and from that time down to his eviction, in the suit of Gillett v. himself, he occupied said fifty acres, and paid rents to the town, and the amount so paid.

The plaintiff then gave in evidence a copy of the record of a judgment rendered by the county court in an action of ejectment, Oliver Gillett v. him, April Term, 1853, with the writ of possession issued upon said judgment, and the officer's return thereon, accompanied with proof tending to show that the town of Marlboro was vouched in to defend said action.

The plaintiff then offered to prove that the true north line of Marlboro as it was chartered, and the true north line of the school right, was situated twelve rods north of the southern boundary of the lands from which the plaintiff was evicted in the suit of Gillett v. him.

To this the defendant objected upon the ground that as the town of Marlboro had been vouched in to defend the suit of Gillet v. Knapp, parol evidence was not admissible to contradict

the record in said suit, by showing that Gillett recovered lands of the plaintiff lying in the town of Marlboro, the same being described in said record as bounded on the south by the south line of Dover, Dover being the town next north of Marlboro.

The county court, at September term, 1859, REDFIELD, Ch. J., presiding, held and so decided, that all these facts being established, the plaintiff could not recover, because if the defendants were vouched in to defend Gillett's suit, they were to be regarded as privy to it, and it would be conclusive upon them, and also conclusive upon the plaintiff, as to the grounds upon which it was rendered, and the facts found by the jury, and therefore the land being, as to these parties, found to be in Dover, there was no eviction from any of the land leased. And in this view of the case, it was not competent for the plaintiff to escape from the effect of the finding in the case of Gillett, by now showing that the land was in fact in the town of Marlboro.

And the court further held that if that proof was admissible in the case, as it would be, if the jury should fail to be satisfied of the fact that the defendants were vouched in to defend Gillett's suit then the plaintiff could not recover, inasmuch as this proof would show that the defendants had kept their covenants, there being no controversy in the case, that the land leased did extend to the line of Marlboro, and that the defendants had good title to the school right in town, and good right to lease the same in the manner they did, and to lease the land in controversy if it was a part and parcel of such right, and that it would be so if situate in the town of Marlboro.

Verdict for the defendant. Exceptions by the plaintiff.

*Stroughton & Grant*, for the plaintiff.

*P. T. Washburn*, for the defendant.

KELLOGG, J. The town of Marlboro, the party defendant in this suit, conveyed to one Jonathan Rising, by a lease executed by its selectmen on the 6th April, 1795, a lot of land, duly allotted to the right for the support of schools, which was situated

in town, and bounded on the north by the north line of the town. The plaintiff, who occupied a portion of that lot abutting on the north line of the town under conveyances transfering to him the title thereto which was conveyed by this lease to Rising, brought the present action against the town for the breach of the covenant in the lease for quiet enjoyment, alleging an eviction by one Oliver Gillett, by a lawful and paramount title established by a judgment recovered in favor of Gillett against him in an action of ejectment.

This cause has been before this court on two former occasions. On the hearing in 1857, upon exceptions taken by the defendant, (29 Vt. 282,) it was held that the lease from the town of Marlboro to Rising, under whom the plaintiff derived his title, contained a covenant for quiet enjoyment—that by the terms of the lease the covenant only applied to land situated in the town of Marlboro, and could not be extended by parol evidence to include land lying north of the north line of Marlboro, or in the adjoining town of Dover ; and that the covenant ran with the land, and inured to the benefit of the plaintiff.  In the opinion of the court, delivered by ISHAM, J., it is said :—" Two things are rendered certain by this lease : the whole of the land was in the town of Marlboro, and was bounded on the north by the north line of that town.   That being the extent of the lease, the inquiry arises, has the plaintiff shown that he was evicted from any land in that town which is included in the lease.   On this point the case seems fatally defective for the plaintiff.      *      *      The jury should have been instructed, agreeably to the requests on the part of the defendant, that the lease conveyed land only in Marlboro, and that the dispossession being only of land in Dover, the plaintiff had not been disturbed in the enjoyment of land conveyed by the lease."   The conclusions adopted by the court resulted in the reversal of the judgment of the county court on a verdict for the plaintiff, and the cause was remanded to that court for a new trial, which resulted in a verdict for the defendant.   On that trial the plaintiff introduced in evidence the record of the judgment of eviction against him in the action of ejectment in favor of Gillett, but it appeared, *prima facie,* only to cover land situated

in the town of Dover, and bounded on the south by the north line of the town of Marlboro.   To prove an eviction from a portion of the premises described in the lease, the plaintiff offered to show that the true north line of the town of Marlboro was twelve rods further north than such north line as established by the judgment in the suit in favor of Gillett against him.   This evidence so offered by the plaintiff, was objected to by the defendant and excluded.   To the decision excluding this evidence the plaintiff excepted ; and he thereupon submitted to a verdict against him. On the hearing upon the plaintiff's exceptions to the exclusion of this evidence in this court in 1859, (*vide* 31 Vt. 674,) it was held that the judgment in favor of Gillett against the plaintiff was not conclusive, either for or against the town of Marlboro, as it did not appear that this town was a party to the action or suit in which that judgment was rendered, or that it was made privy thereto by being cited in to defend the action, and, therefore, that the evidence was admissible.   This result led to the reversal of the judgment for the defendant, and a new or third trial in the county court.   On this third trial, the plaintiff, to prove that the eviction was from lands covered by the lease, offered in evidence the copy of the record of the judgment rendered in the action of ejectment in favor of Gillett against him, with the writ of possession issued on said judgment and the officer's return thereon of the execution of the same, and also *with proof that the defendant in this suit was vouched in to defend that suit*, and neglected and failed to do so, and that he, the plaintiff, thereupon made the best defence he could in that suit, but failed to satisfy the jury before whom the case was tried that the land from which he was evicted was in the town of Marlboro, and that he was defeated in the suit on account of such failure, the jury finding a verdict in favor of Gillett because they found from the proof in the case that the land in dispute was in the town of Dover, and also with the further proof that the true north line of the town of Marlboro, as established by the charter of that town, was situated twelve rods north of the southern boundary of the lands from which the plaintiff was evicted by the judgment in the suit of Gillett against him. The county court excluded the evidence so offered, and held that if all the facts so offered in evidence were established, the plain-

tiff could not recover, for the reason that if the town of Marlboro was vouched in to defend the suit of Gillett, it should be regarded as privy to that suit, and the judgment would be conclusive, both upon the town and the plaintiff, as to the grounds upon which it was rendered and the facts found by the jury ; and, therefore, the land in dispute being, as to these parties, found to be in Dover, there was no eviction from any of the land leased to Rising, and, in this view of the case, it would not be competent for the plaintiff to escape from the effect of the finding and judgment in the suit of Gillett by now showing that the land was in fact situated in the town of Marlboro. And the county court also held that if the proof so offered was admissible, (as it would be if the jury should fail to be satisfied of the fact that the town of Marlboro was vouched in to defend the suit of Gillett,) then the plaintiff could not recover, inasmuch as this proof would show that the town of Marlboro had kept its covenant—it being conceded that the land conveyed by the lease extended to the north line of that town, and that said town had a good title to the land so leased, (it being a lot reserved in the charter, and duly allotted, to the right for the support of schools in said town,) and was authorized to lease the same in the manner in which it was leased, and, particularly to lease the land in controversy as a part of such school right, which it would be if it was situated within the town of Marlboro. There being no other ground on which the plaintiff claimed a recovery in this action, a verdict was directed for the defendant, and the plaintiff excepted to the decision of the county court excluding the evidence so offered, and also to the rulings by that court in respect to the same. The question now to be considered is, whether there was any error in this decision, and in the rulings of the county court.

To sustain this action, it is necessary that the plaintiff should state in his declaration, in some manner, and prove that the person by whom he was evicted had a lawful and paramount title to the premises existing before or at the time of the execution of the defendant's conveyance, as the covenant for quiet enjoyment applies merely to the acts of those claiming by title, and to rights existing at the time it was entered into. *Wotton* v. *Hele*, 2 Saund. 177, and Sergeant Williams' note (10,) to that case. *Kelly*

v. *The Dutch Church of Schenectady*, 2 Hill 105. *Hayes* v. *Bickerstaff*, Vaughan 118. The bill of exceptions states that it was a part of the plaintiff's proof, on the trial, that Rising went into possession of the school lot, conveyed in the lease to him, soon after the execution of the lease, and that he and his successive grantees or lessees occupied the same premises, under their respective deeds, down to the plaintiff, paying rent to the town agreeably to the stipulations of the original lease, and that the plaintiff took possession of the fifty acres situated in the northwest corner of that lot, which included the land in controversy, in April, 1834, and from that time to the time of his eviction in the suit of Gillett against him (April Term, 1853,) he occupied the fifty acres, paying rents to the town as aforesaid. These facts would seem necessarily to raise a conclusive presumption that Gillett did not in fact recover any land in Marlboro by virtue of a title paramount to that which was conveyed to Rising by the lease from the defendant, and that if in fact he did recover land in Marlboro which was conveyed by the lease, as the plaintiff offered to show, it must have been by a title which was derived subsequent to the conveyance by the lease, to which the defendant's covenant does not apply. *Somerville* v. *Hamilton*, 4 Wheat. 229. To show an eviction from the land as alleged in his declaration, the plaintiff offered in evidence the record of Gillett's recovery against him in the action of ejectment, with proof tending to show that the town of Marlboro was vouched in to defend that action. The record states the *situs* of the premises recovered by Gillett in that action as being in Dover ; and it was admitted on the trial of the present suit that Gillett recovered in that action by proving the fact to the satisfaction of the jury who tried the case, that the land so recovered by him was situated in the town of Dover, and that the plaintiff was defeated in the same action because he failed to satisfy the jury that this land was situated in the town of Marlboro. The true location of the north line of the town of Marlboro, which was also the south line of the town of Dover, was therefore directly in issue in that action. It is a principle, long recognized and well settled, that when the covenantor is vouched in to defend a suit commenced against his covenantee for the recovery of premises to which his covenant is

17

applicable, he becomes a privy to the action, and as such, he is as much concluded by the result of the action and as to every fact necessarily involved in or established by it as the parties themselves, and to this extent he is virtually a party to the suit. *Carpenter* v. *Pier*, 30 Vt. 81. *Knapp* v. *Marlboro*, 31 Vt. 674. The judgment is conclusive of every fact litigated on the trial which was necessary to the upholding of the judgment, and the estoppel is mutual and operates to the same extent upon both parties. As stated by ALDIS, J., when this case was last before this court— (31 Vt. 674)—" both must be bound by it, or neither ;" and the judgment in the action of ejectment was then held not to be conclusive, as between the plaintiff and the defendant, on the ground that it did not then appear, as it does now, that the town of Marlboro was vouched in to defend that action. As to these parties, therefore, it was established by the judgment in the action of ejectment in favor of Gillett that the land in controversy was situated in the town of Dover, and not in the town of Marlboro, and that the plaintiff consequently was not, under or by virtue of that judgment, dispossessed of any land conveyed by the lease to Rising. In this view of the case, the plaintiff's offer to show that a part of his land in Marlboro, which was conveyed by the lease, was, in fact, included in the recovery by Gillett, was an offer to show a fact in direct contradiction to the record of the judgment in the suit in favor of Gillett against him, in respect to a point which clearly appears to have been involved in the issue in that suit, and determined by its result. We think that the county court properly held that it was not competent for the plaintiff thus to avoid the effect of the record.

But if the proof offered by the plaintiff that the land in dispute was in fact situated in the town of Marlboro was admissible, .it would be fatal to the plaintiff's case. The record in the suit of Gillett against the plaintiff does not show the title under which the recovery in that suit was had, or that the title conveyed by the town of Marlboro to Rising was even in issue. Gillett might in fact have recovered his judgment under a right or title derived subsequent to that conveyance, for which the defendant would not be responsible. The plaintiff must show on what ground Gillett succeeded in that suit, to give any application or effect to the

record. This could be done only by evidence *dehors* the record. If, in doing this, the plaintiff establishes as a necessary part of his case the fact that the land in controversy was situated in Marlboro, this is a virtual admission on his part that the defendant's title was a good title ; for it appears that the land leased to Rising belonged to the school right in the town of Marlboro, and extended to the north line of that town, and that the town of Marlboro had a good title to it, and a good right so to lease it at the time that lease was executed, and that, if the land in controversy was situated in that town, it was included in and conveyed by that lease. These facts would conclusively show that the plaintiff's averment that Gillett's recovery was by a paramount title to that conveyed by the defendant's lease was false, and that the defendant's covenant had not been broken. The case of *Kelly* v. *The Dutch Church in Schnectady, ubi supra,* is in point in reference to this part of the case.

The result of these views of the case is that the decisions of the county court were correct, and the judgment of that court in favor of the defendant is affirmed.