LEVI UNDERWOOD *v.* EDWIN A. BIRCHARD AND JOHN B. PAGE.

*Lease. Covenant for Quiet Enjoyment. Elder and Better Title.*

A covenant for quiet enjoyment relates to the lessor's title and right to grant the premises, and to the possession thereof during the term, and not to their possession and enjoyment in fact by the lessee, as against those having no right to disturb him. It is a covenant that the lessee shall not be *rightfully* disturbed in his possession and enjoyment during the term, not that he shall not be disturbed *at all*.

The defendants, as trustees, leased trust property to the plaintiff which was in the possession of third parties under an agreement with the defendants' predecessor in the trust. Said parties continued in possession of the property during the plaintiff's term, and would not surrender to him. It did not appear that said parties were entitled under said agreement, to hold as against the plaintiff, nor that they had any other title by which they could rightfully keep him out. *Held*, that the plaintiff was not kept out by title elder and better than his own.

COVENANT. The case was referred, and the referee reported that the defendants, as trustees under the second mortgage of the Rutland & Burlington R. R. Co., who were rightfully in the possession and management of said railroad and its property, on the

29th of March, 1866, leased a store in Burlington, the property of said railroad, to the plaintiff, for the term of four years from the first day of May then next, reserving an annual rent; that in said lease the defendants covenanted with the plaintiff, " that he and his assigns shall and may occupy said premises, without let or hindrance, for said term, subject to the covenants and agreements," &c., which was the covenant declared upon; that said premises were, at the execution of said lease, in the possession of Van Sicklen & Walker, under some arrangement with one Thomas Thatcher, the defendants' predecessor in said trust; that soon after the plaintiff's term commenced, he demanded possession of said premises of Van Sicklen & Walker, and informed them of his lease, but they refused to surrender possession; whereupon the plaintiff gave the defendants notice of such refusal, and was told by them to get Van Sicklen & Walker out of possession; that the defendants made no effort to get them out of possession, and that the plaintiff did nothing further to get possession, except making a written demand on Van Sicklen & Walker for possession; that about that time, Van Sicklen & Walker made an arrangement with the trustees under the first mortgage of said railroad, for the occupation of said premises, and occupied them thereunder during the plaintiff's whole term; and that the plaintiff paid no rent to the defendants, and claimed to recover the difference between the rent stipulated in the lease and what the rental of the premises were actually worth above that sum. The referee decided as matter of law, that the plaintiff was entitled to recover, and allowed him as damages the sum claimed.

The court, at the April term, 1874, PIERPOINT, Ch. J., presiding, rendered judgment on the report for the defendants; to which the plaintiff excepted.

The plaintiff *pro se.*

The only question presented is whether the plaintiff can recover at all. The referee does not report precisely what the arrangement was under which Van Sicklen & Walker came into possession; nor do we deem it important. The possession of Van Sicklen & Walker was by arrangement with Thatcher, and con-

tinued under the defendants ; and, as the defendants were in possession of the whole property, including this, the possession of Van Sicklen & Walker was the possession of the defendants. If the court is at liberty to infer anything different, then it must treat Van Sicklen & Walker as tenants from year to year, and entitled to hold until their landlords gave them notice to quit, which they never did. And in either case, the plaintiff was kept out of possession of the premises by the defendants, or those holding under them, in violation of their duty and covenants in said lease. 1 Wash. Real Prop. 346 *et seq.* ; *Dyett* v. *Pendleton,* 8 Cow. 727 ; *Lewis* v. *Payne,* 4 Wend. 423 ; *Lawrence* v. *French,* 25 Wend. 442 ; *Shumway* v. *Collins,* 6 Gray, 227 ; *Ludwell* v. *Newman,* 6 Term, 458 ; *Chatterton* v. *Fox,* 5 Duer (N. Y.), 64. The covenant implied in the lease is, that the lessors owned the premises and had the possession, and would deliver the same to the lessee. Taylor Land. & Ten. §§ 304, 309, 315. The express covenant in this lease is, that the lessee and his assigns shall and may occupy the same without let or hindrance for said term. The effect of this covenant is, that there shall be no obstacle to the lessee's taking possession, and when in possession, that no one has a right to molest him in the full enjoyment of the premises according to the terms of the lease. *Ludwell* v. *Newman, supra ; Duval* v. *Craig,* 4 U. S. Cond. 25 ; Taylor Land. & Ten. § 314.

Van Sicklen & Walker, if they were not in as servants of the defendants, must, from the facts reported, be tenants from year to year ; and neither they or their landlord could, without mutual consent, terminate this tenancy without six months notice to quit from the landlord, or like notice of an intention to quit given by the tenant. And there is no pretence that any notice was given, and hence Van Sicklen & Walker could hold the premises against both plaintiff and defendants. Taylor Land. & Ten. § 54 *et seq.,* and cases cited. This is no wrongful holding over, or tenancy at will or suffrance ; and if so, they were entitled to notice of the termination of the tenancy. Taylor Land. & Ten. §59 *et seq.* If they were treated as holding adversely, then, by statute, although the lease would be void, the remedy on the covenant is good. Under our statute against forcible entry and detainer, the

lessee could not get possession except by action ; and no principle of law will compel a lessee to take an assignment of a law suit in lieu of the premises leased.    Gen. Sts. 451, §§ 26, 27.

*Daniel Roberts*, for the defendants.

The declaration counts only upon the express covenant in the lease, that the plaintiff and his assigns " shall and may occupy said premises without let or hindrance, for said term." This is well, inasmuch as there is no other covenant, or none of any broader extent.    If a covenant could be implied from the word *lease*, which is quite doubtful (1 Wash. Real Prop. 427, (3d ed.) and *contra*, *Lovering* v. *Lovering*, 13 N. H. 518), it would add nothing to the force of the express covenant.    Moreover, the express covenant would supersede or limit the implied.    *Noaks's case*, 4 Rep. 80 b. ; *Merrill* v. *Frame*, 4 Taunt. 329 ; *Line* v. *Stephenson*, 4 Bing. N. C. 678 ; s. c. 5 Bing. N. C. 183.    The words *lease* and *demise*, imply a covenant only " against a paramount title, and against acts of the landlord which destroy the beneficial enjoyment of the premises."    1 Wash. Real Prop. 427. And " a covenant of quiet enjoyment in a lease, whether expressed or implied, relates only to title, and not to the undisturbed enjoyment of the premises demised, where there has been no eviction." Ib. 428 ; Taylor Land. & Ten. § 304 *et seq.*

The contract of these defendants was not executory.    It was not an agreement to lease, and so a mere chose in action before entry but a present demise by a sealed lease creating a term of four years, and vesting a present interest, though not to take effect in possession until the future day named.    The plaintiff, upon the delivery of the lease, acquired an interest in the term which he could assign, and for which he could maintain ejectment without any further act on his part, if possession was withheld after his right of entry became complete.    Taylor Land. & Ten. §§ 176, 312 ; *Whitney* v. *Allaire*, 1 Comst. 305, 311 ; *Allaire* v. *Whitney*, 1 Hill, 484 ; *Trull* v. *Granger*, 4 Selden, 115.    This covenant, that the plaintiff might occupy without " let or hindrance," means lawful let or hindrance.    It is not a covenant against the unlawful acts of strangers.    Taylor Land. & Ten. §§ 305, 308.    It does

not appear that the plaintiff was evicted or kept out of possession, by a superior title in Van Sicklen & Walker; nor that he was.kept out by the act or consent of the defendants.

But the defendants are not liable on· this covenant for not actively interfering to put Van Sicklen & Walker out, and to put the plaintiff in, when no right to the possession is shown nor even claimed to have been in Van Sicklen & Walker—particularly as the right to sue was not in the defendants, but in the plaintiff. *Cozens* v. *Stevenson*, 5 S. & R. 421; *Sigmund* v. *Howard*, 29 Md. 324; *Mechs. Ins. Co.* v. *Scott*, 2 Hilton, C. P. (N. Y. City), 550; *Gardner* v. *Keteltas*, 3 Hill, 330; *Phelps* v. *Sawyer*, 1 Aik. 150; *University of Vt.* v. *Joslyn*, 21 Vt. 52; 1 Wash. Real Prop. 392, 428; Taylor Land. & Ten. § 312, 313.

If this covenant could be tortured into an agreement to put the plaintiff into possession on reasonable request, even then a breach is not shown—the plaintiff never made such request.

The opinion of the court was delivered by

WHEELER, J. The covenant declared upon and claimed to have been broken, is substantially a covenant for quiet enjoyment. Such a covenant relates to the lessor's title and right to grant the premises leased, and the possession of them during the term of the lease, and not to the possession and enjoyment of them in fact by the lessee as against those who have no right to disturb him. It is a covenant that he shall not be rightfully disturbed in his possession and enjoyment during the term, and not that he shall not be disturbed at all during the term. 1 Wash. Real Prop. 427; Taylor Land. & Ten. §§ 304, 305, 306; *Knapp* v. *Marlboro*, 29 Vt. 282; s. c. 31 Vt. 674. As to this, there is not much controversy in this case. The important question made is, as to whether or not the plaintiff was kept out of possession and enjoyment by a title that was elder and better than his own. The report shows that the defendants were rightfully in possession of the Rutland and Burlington railroad and the management of its property, of which the premises leased were a part, and that Van Sicklen & Walker were in possession of that part under some arrangement with one Thomas Thatcher, a predecessor in right of the

defendants, and that Van Sicklen & Walker refused to permit the plaintiff to enter and enjoy the premises during the term for which they were leased; but it does not show that the arrangement under which Van Sicklen & Walker held, entitled them to possession after the commencement of the plaintiff's term, nor that they had any other title by which they could have rightfully kept the plaintiff out of possession. It cannot be presumed that the arrangement with Thatcher gave Van Sicklen & Walker a right to hold the possession for any length of time; nor can their right be taken to have run, until shown to have stopped. So far as the case shows, they were mere wrong-doers in their holding of possession against the plaintiff, of whom the plaintiff could have recovered it, with damages for the detention of it from him, by a proper action. Therefore it does not appear but that the plaintiff got all that the defendants covenanted he should have, which, in effect, was, that he should have the right to, and might lawfully, occupy during the term, without lawful let or hindrance.

Judgment affirmed.