## SPENCER *v.* BURTON.

The day fixed in a lease under seal of real estate for years, on which the lessee is to have possession of the premises, is of the essence of the contract ; and if the lessor refuse to give the lessee possession on that day, the latter may abandon the contract.

If after the lessor's refusal, in such case, to give the lessee possession, the premises be occupied by the latter, not under the lease but under a new and different agreement even by parol, the lessor cannot distrain for rent on the first contract.

ERROR to the *Vigo* Circuit Court.

SULLIVAN, J.— This was an action brought to recover damages for distraining and selling the plaintiff's property when no rent was due. The declaration contains two counts. The first is in the usual form ; the second is more special. The latter count sets forth that on the 12th of *June,* 1835, the plaintiff and defendant entered into a written contract under their hands and seals, whereby *Burton* did on that day lease to *Spencer* certain lots in the town of *Terre Haute,* embracing the tavern stand of *Burton,* the stables, out-houses, gardens, yards, &c. attached thereto, also ten acres of ground in the vicinity of said town, for the period of seven years from and after the 15th of *June,* 1835 ; that by said contract it was agreed, that *Burton* should make certain repairs to the premises, and give *Spencer* possession on the said 15th of *June,* except the bar-room and stables and one other room, the use of which he reserved until the 1st of *July* following ; in consideration of which, *Spencer* was to pay *Burton* 500 dollars *per annum* in quarterly payments. The plaintiff then avers, that *Burton* wholly failed and refused to make said repairs, and that he did not for a long space of time, to wit, for the space of nine

months, give up to *Spencer* the possession of all the premises demised, &c. but only a part thereof; that in consideration that *Burton* had not given him possession of the premises leased as aforesaid, and in consideration that *Spencer* would not remove from that part of the demised premises then occupied by him, and abandon said contract as he was about to do, but would continue in the same, *Burton* agreed with *Spencer*, that no part of the rent so agreed to be paid for the use of the premises, should be chargeable to or payable by said *Spencer*, until *Burton* should give complete possession of the premises, and make certain repairs, &c.; that *Burton*, without giving such possession or making said repairs, did wrongfully seize, take, and distrain, in and upon said premises, divers goods and chattels the property of said *Spencer*, and did sell the same by colour of the "act regulating distress for rent," when no rent was in arrear or due, &c.

The defendant pleaded not guilty, and issue was joined on the plea.

Three bills of exceptions were taken by the plaintiff. The 1st and 3d inform us that the plaintiff proved on the trial, that the defendant had distrained and sold as alleged in his declaration. He also proved the lease as set forth in the second count of his declaration. He further proved that on the 15th of *June*, 1835, he moved upon said premises, and obtained possession of the dining room and part of another room only, and so continued three or four days, *Burton* still occupying the other rooms in the house. He then offered to prove that in consequence of *Burton's* not delivering the possession of the premises, and of his neglect and refusal to make the improvements provided for in the lease, he was about to abandon the premises, and that *Burton* then agreed with him that if he would not abandon them, he should not be chargeable with any rent until full possession was delivered, and the repairs provided for in the lease were made; that at the time of the distress and sale, *Burton* had not made the improvements agreed by him to be made. The second bill states that the plaintiff offered to prove by parol, that he held the premises at the time of the distress and at all times previous thereto free of rent, by virtue of a parol agreement, and not under the lease. To the introduction of the foregoing testimony the defendant objected,

and the Court sustained the objection, to which the plaintiff excepted. Judgment was rendered for the defendant.

The defendant insists, that the testimony offered by the plaintiff in the Court below was an attempt to dispense, by parol, with the performance of covenants in a contract under seal. This he contends cannot be done, and that the Circuit Court did right, therefore, in rejecting the testimony offered. We think this view of the case cannot be sustained. The testimony offered by *Spencer* tended to prove, that possession under the written contract had not been delivered to him by *Burton* according to its terms, and that he was about to abandon the premises entirely, and would have so abandoned them, had not a new and different contract been made between the parties. The possession of the premises on the day named in the lease was of the very essence of the contract, and a failure to give possession on the day, if required, released *Spencer* from all liability on that contract. The parties were then at liberty to make a new contract, on terms and conditions entirely different from the former, if they thought proper to do so ; and the testimony offered by the plaintiff further tended to prove, that they did make another contract substantially such as is set forth in the second count of the plaintiff's declaration, by virtue of which *Spencer* occupied the premises at the time of the distress and sale. This proof would by no means interfere with the principle, that an agreement under seal can only be dissolved by an instrument of equal validity. The object of the testimony was not to show that the original contract had been dissolved or changed by parol, but that being defeated by the act of one of the parties, a verbal contract upon a new consideration was made for the occupation of the premises.

If *Spencer* had taken possession of a part of the demised premises in lieu of the whole without objection, he could not afterwards object to the payment of the rent by showing that *Burton* had not complied with his contract, nor would he be permitted to prove a parol contract changing the terms of the lease. *Bryan* v. *Fisher*, 3 Blackf. 316.— 2 Stark. Ev. 550 *et seq.* An attempt to do so would come within the principle contended for by the defendant, and would be clearly inadmissible.

It is further contended by the defendant, "that a party shall not be allowed to contradict his own testimony, and that *Spencer* having introduced the lease in evidence, should not afterwards be allowed to say he held the same premises by a parol agreement." It is manifest from the bill of exceptions, that the lease was offered in evidence by *Spencer* as a link in the chain of his testimony, not as the contract by which he held the premises. It was proper that the jury should be informed of all the circumstances of the case, and by the best evidence in the plaintiff's possession.

It is not necessary for us now to determine, whether *Burton* is not entitled to some compensation for the use and occupation of his premises. It is sufficient at present to say, that if he failed to deliver possession under the lease, and the premises were afterwards occupied by virtue of another and different contract, he cannot sue or distrain on the contract forfeited by his neglect.

The Court erred in rejecting the testimony offered by the plaintiff, and the judgment must for that cause be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. Kinney*, for the plaintiff.

*J. Farrington* and *S. B. Gookins*, for the defendant.