## CLARK, Administrator of ROMINE, *v.* BUTT.

LEASE.—COVENANT FOR POSSESSION.—A leased to B a tract of land for the term of three years, the term to commence at a future day. The lease stipulated that B should "have full and peaceable possession for said term of three years." A died before the commencement of the term, and his administrator, who was also the guardian of his minor heirs, as such guardian, leased the premises to another. Suit by B against the estate of A for damages.

*Held*, that the provision of the lease that B should have peaceable possession for the full term, was a covenant on the part of A to deliver the possession on the day the term was to begin.

*Held*, also, that the leasing of the premises to another was such a breach of the covenant as entitled B to his action against the estate.

APPEAL from the *Warren* Common Pleas.

GREGORY, C. J.—*Butt* sued the administrator of *Romine* on a covenant of his intestate, contained in a written lease executed by the deceased in her lifetime, on the 1st of *July*, 1861, for the possession for the term of three years of the leasehold premises, commencing the 1st of *March*, 1862. The complaint avers that *Butt* was hindered and prevented from getting possession of the rented premises on the day last named; that the administrator rented the premises to

*Lee,* and put him in possession, against the will of the plaintiff, by which he was prevented from raising a crop on the premises, and enjoying the same for three years, to the damage, &c.

The defendant answered, 1. The general denial. 2. That he, as guardian of *Sarah E. Romine, John Romine* and *Sylvester Romine,* minor children and heirs at law of *Romine,* deceased, did prevent the plaintiff from taking possession of and occupying the premises mentioned in the complaint, and as guardian of said minor heirs did rent the same to *Lee,* and not as administrator of the estate of *Romine,* deceased. A demurrer was sustained to the second paragraph of the answer, and this is assigned for error.

The court refused to instruct the jury, as asked by the appellant, that if they believed from the evidence that *Clark,* as administrator, did not take possession of the leased premises, and did not, as administrator, hinder or prevent *Butt* from taking possession under the lease, that then they should find for the estate. This is assigned for error. The court instructed the jury, that it is the duty of the administrator to carry out the personal contracts of the decedent; that it was the administrator's duty to carry out the written lease in this case; and because the guardian failed or refused to carry out the written lease, did not exonerate the administrator from his duty to carry it out. The defendant objected and excepted to the giving of this instruction.

All the questions presented in the case in judgment turn upon the liability of the estate of the intestate to answer for the alleged breach of the covenant for possession contained in the lease. If this is a personal covenant for the alleged breach of which the administrator may be sued, then the second paragraph of the answer is bad. The court rightly refused the instructions asked, and committed no error in giving the instructions objected to. *Romine* demised to *Butt* the leasehold premises "for the term of three years, to commence on the 1st day of *March,* 1862, and

end on the 1st day of *March*, 1865; the said party to have full and peaceable possession for said term of three years as prescribed above." This, we think, amounted to a covenant on the part of *Romine* to deliver the possession of the premises to *Butt* on the day the lease was to commence, as well as a covenant for quiet enjoyment during the term. *Clark*, the administrator, acting as the guardian of the heirs, entered upon the premises and made a lease to a stranger, and thereby prevented *Butt* from getting possession. This is a breach of the covenant. It cannot be said to be the unauthorized act of a stranger; but, to say the least, it was the act of the heir, one claiming under the lessor by descent, with the consent and co-operation of the administrator of the covenantor.

We think the privity of contract of the intestate was not determined by her death, and that the administrator is chargeable to the extent of assets. See *Curley* v. *Lewis et al.*, 24 Ind. 23 and cases cited.

The judgment is affirmed, with costs.

*J. H. Brown*, for appellant.

*B. F. Gregory* and *J. Harper*, for appellant.