*Brent, J.,
delivered the opinion of the court.
This action was brought by the plaintiff, in the Superior Court of Baltimore City, to recover damages from the Howard Bank for the alleged violation of a contract, in failing to deliver possession of certain premises which had been leased to him by. the bank for the term of five years, from the 1st of July,11860.
The lease is dated the 21st of March, i860, and contains no stipulations as to enjoyment and possession by the lessee. The law, however, implies an undertaking on the part of the lessor, that the lessee shall have the undisturbed possession of *328 the premises during the term for which they are demised, and the lessor is as fully hound as if there were an express covenant to that effect. The extent and meaning of such a covenant, whether express or implied, is well settled and defined. It only imports that the lessor has such a title as enables him to make a valid and unencumbered lease, and that the possession and enjoyment of the premises will not be interrupted or interfered with by the lessor himself, or by any one rightfully claiming under him. It has never been regarded as a covenant, that the party shall enjoy against all pretending to claim any right, and implies no warranty against strangers or wrongdoers.
On the 1st of July, i860, the day on -which the plaintiff, by the terms of his lease, had a right of entry and possession, it appears that the premises were occupied by a certain Moritz Bialla, who refused to surrender them, and the plaintiff, in consequence, was unable to enter.
The manner of Bialla’s holding thus becomes the subject of inquiry, and it is important to ascertain whether he held by a title superior to that of the lessee, or as a mere trespasser and wrong-doer. The defendant, upon this point, offered in evidence a lease under which Bialla had held as tenant of the bank, but which, by its terms, expired the day before the commencement of the plaintiff’s lease. To the admissibility of this evidence, objection wTas made, and *being admitted by the court, it forms the subject of the first exception.
We have been unable to perceive any ground upon which the evidence should have been rejected. The plaintiff had offered evidence of the possession of the premises by Bialla, and ivas aiming to fix the responsibility of the defendant as a consequence of such possession. His possession thus became the very gist of the controversy, and evidence, tending to show that he was a trespasser or wrong-doer, and that he was there without the authority and consent of the defendant, was clearly competent and pertinent to the issue. The fact that he had been a tenant of the defendant, and that his tenancy had terminated immediately before that of the plaintiff was to commence, is important in this connection, and is best established by the lease, under which he had been rightfully occupying the premises.
*329 From all the evidence disclosed by the record, we are satis-, fied that the plaintiff acquired by his lease a perfect title to the premises and a legal right of entry. He failed to obtain possession in consequence of the wrongful act of Bialla in holding over after the term of his tenancy, and the law leaves him to his remedy against such a wrong-doer. The defendant has not covenanted against-the wrongful acts of another, and he cannot be held responsible for them, unless he has fully and expressly so contracted. Dudley v. Folliott, 3 Term, 584; Baugher v. Wilkins, 16 Md. 45; Platt on Cov. 314.
No authority has been referred to, nor have we been able to find any, which sustains the general proposition that under the implied covenants of a lease, the lessor is required to give the lessee possession. On the contrary, as said by Nelson, C. J., in Gardner v. Keteltas, 3 Hill, 330, “ Upon the well settled construction of the covenants of title and quiet enjoyment, it is not the duty of the landlord, when the demised premises are wrongfully held by a third person, to take the necessary steps to put his lessee into possession. The *latter being clothed with the title by virtue of the lease, it belongs to him to pursue such legal remedies as the law has provided for gaining it, whether few or many.”
It follows from this statement of the law, that the prayer of the defendant was properly granted. The prayer, which was offered by the plaintiff, in view of the evidence could not have been allowed. After the premises had been left by Bialla, in 1863, the plaintiff expressly refused to- enter under his lease of i860, and virtually abandoned it for the residue of the term. It was not until afterwards that the bank made any disposition of the property. It cannot, therefore, be pretended that the possession and entry of the plaintiff was thereby prevented or interfered with; and any such violation of the terms of the lease committed, as would entitle him to a recovery in this action.
These views cover the whole case, and we consider it unnecessary to refer to other questions which were presented in the argument. The admissibility of the evidence, excepted to in the second, third and fourth bills of exception, is immaterial and unimportant, as it would not in any way alter or affect the *330 plaintiff’s right of recovery, and we shall express no opinion upon it.
We think the record does not disclose any cause of action, and the judgment below will be affirmed.

Judgment affirmed.