FRANK GAZZOLO

*v.*

JEROME B. CHAMBERS *et al.*

1. LANDLORD AND TENANT—*implied covenant for quiet enjoyment.* The only covenant that is implied in a lease, is that of quiet enjoyment. This covenant, whether express or implied, only means that the lessor shall have such title to the premises as will enable him to give a good and unincumbered lease for the term demised. It implies no warranty against the acts of strangers. It confers upon the lessee a right to enter upon the premises, but nothing more.

2. SAME—*duty of lessor to put lessee in possession.* The implied covenant for quiet enjoyment creates no obligation on the part of the lessor to place the lessee in possession of the premises. If he is kept out of possession by any act of the landlord, or by one holding a paramount title, the lessee may have an action.

3. Where the lessee is prevented from obtaining possession of the demised premises by a former tenant, whose tenancy had expired, his remedy is against the latter, and not against the landlord. The landlord not being entitled to the possession, can maintain no action to recover the premises, but the right of possession being alone in the lessee, he must bring the action, and forcible detainer lies in his favor.

4. SAME—*when landlord may re-let the premises.* Where a lease contained no express covenant to put the lessee in possession of the demised premises, and former tenants of the lessor whose time had expired held over without any authority, and the lessee took no steps to obtain possession, but leased

other property, and the lessor, after devising a plan to get possession, asked the lessee if he would still take the premises in case possession could be obtained, and he declined to answer whether he would or not: *Held*, that the lessor was authorized to regard this as an abandonment of the lease and a refusal to occupy under it, and that he had a clear right afterwards to re. let the premises to the tenants in possession, and that he was not liable under his prior lease for so doing.

Appeal from the Circuit Court of Cook county ; the Hon. John G. Rogers, Judge, presiding.

This was an action of covenant, brought by Jerome B. Chambers and Beverly R. Chambers against Frank Gazzolo, on an implied covenant for quiet enjoyment, there being no express covenant of that kind in the lease sued on. The lease bore date Jan. 13, 1872, and, after naming the parties, witnessed that Gazzolo " has agreed to let, and does hereby let and demise," unto the plaintiffs, the first floor or store room of the building No. 77 West Madison street, in Chicago, etc., to be occupied for the sale of jewelry, at auction and at private sale, for the term of one year, commencing on May 1, 1872, at the rent of $2800 per annum, in equal monthly payments, in advance.

At the date of the lease, the said store was occupied by Solomon and Lieberman J. Mossler as tenants of the defendant, and whose term expired on April 30, 1872, but who refused to vacate the premises at the expiration of their term, and held over.

The lessees demanded possession of Gazzolo on May 1, 1872, and offered to pay the rent then due; also on June 1, 1872, and tendered the rent for two months, and asked for possession.

The defendant filed four pleas to the plaintiffs' declaration:

1.  *Non est factum.*

2.  *Non infregit conventionem.*

3.  General performance, which, after the formal introductory part, is as follows: "That always after the sealing and making of the said indenture to the commencement of this action, he hath fulfilled, performed, complied with and kept all and singular the covenants, grants, agreements, payments,

articles and contracts on the part and behalf of him, the said Frank Gazzolo, to be fulfilled, performed and kept, according to the form and effect of said indenture; and this he is ready to verify," etc.

4. "That although it is true that heretofore, to-wit: on the fifth day of June, A. D. 1872, at the city of Chicago, in the county of Cook and State of Illinois, he, the said defendant, did demise, lease, and to farm let, to the said Solomon Mossler and Lieberman J. Mossler, in the said declaration mentioned, from the day, month and year last aforesaid, until the 31st day of April, A. D. 1873, and under which demise and lease they, the said Solomon and Lieberman J. Mossler, now occupy and enjoy the said demised premises, to-wit: (describing premises); and that they, the said Mosslers, have so occupied and enjoyed the said demised premised, as aforesaid, from the said fifth day of June, A. D. 1872. And the said defendant avers, that heretofore, to-wit: on the 13th day of January, in the year last aforesaid, and on divers other days between that day and the 5th day of June, in the year last aforesaid, he, the said defendant, was negotiating with the said plaintiffs for the letting and leasing to them, the said plaintiffs, the aforesaid demised and leased premises, and in such negotiations the said plaintiffs expressed a willingness to take the said premises by written lease, containing, in substance, the terms, conditions and covenants of and on the part and behalf of the said plaintiffs, as lessees, in such proposed written lease as in the said declaration alleged; and they, the said plaintiffs, continued, during such aforesaid negotiations, from time to time, to express their aforesaid willingness to take from him, the said defendant, such written lease of the aforesaid premises for the term, and until the last day of April, A. D. 1873, and to become bound and obligated by the like covenants and agreements as is in the said declaration alleged to have been contained in the indenture mentioned in the said declaration, on the part and behalf of the said therein mentioned lessees, until, to-wit: the fourth day of June, A. D. 1872, when the said plaintiffs were applied to by the said defendant to know whether they would take the

said leased premises as had been mentioned as aforesaid in the aforesaid negotiations; and the said plaintiffs, then and there, to-wit: on the day, month and year last aforesaid, at, etc., declared to the said defendant, and informed him, that they would not say whether they, the said plaintiffs, would or would not take the said demised and leased premises as had been, as aforesaid, mentioned in the aforesaid negotiations, by means of which declaration of the said plaintiffs to the said defendant no lease of the said demised and leased premises was made or executed by and between the said defendant and the said plaintiffs; and in consequence of said last mentioned declaration so made, as aforesaid, by the said plaintiffs, he, the said defendant, did, as he lawfully might, on the next day, to-wit: on the fifth day of June, A. D. 1872, demise and lease the said premises to the said Solomon and Lieberman J. Mossler, from the day, month and year last aforesaid, to the last day of April, A. D. 1873, at the rated rent of $2800 per year; and this the said defendant is ready to verify," etc.

The plaintiffs demurred to the second, third and fourth pleas. The grounds of demurrer to the fourth plea were, that it amounted to the general issue or the plea of *non est factum*, and was unnecessarily prolix; also, that it did not show that the several matters alleged were contained in any agreement or deed between the parties under seal, or capable in law of controlling the operation of the deed sued on, or of the covenants mentioned in the declaration, and was loose and general, and was argumentative, etc.

The court sustained the demurrer to the pleas. The cause was then tried by the court without a jury, who found for the plaintiffs, and assessed their damages at $600, and rendered judgment for that sum and costs.

Messrs. Knowlton & Humphreyville, for the appellant.

Mr. John Borden, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in covenant on a lease. The question raised is whether the lessor was obligated to put the lessees in possession of the demised premises.

The store-room had been occupied by the Mosslers, who held over after their tenancy had expired. The principal breach assigned in the declaration is, the lessees had been kept out of possession by the former tenants refusing to surrender the premises. The averment in the third count, that the defendant covenanted the plaintiff should have quiet possession of the premises on the 1st day of May, 1872, is not sustained by the proof. The lease contains no such covenant, nor, indeed, any express covenant for quiet enjoyment. But the latter covenant is always implied in every lease, and is the only one that is implied.

The covenant for quiet enjoyment, whether express or implied, only means that the lessor shall have such title to the premises as will enable him to give a good unincumbered lease for the term demised. It implies no warranty against the acts of strangers. Such a covenant is understood to confer upon the lessee a right to enter upon the premises, but nothing more. *Gardner* v. *Ketellar*, 3 Hill, 330; *Cozens* v. *Stevenson*, 5 S. & R. 424; *Pendergast* v. *Young*, 1 Foster, 238.

The right to recover in this case is based on the ground it was the duty of Gazzolo to put the lessees in the actual possession of the premises. We do not think the lease will bear that construction.

The implied covenant for quiet enjoyment has never, so far as we know, been construed to embrace an obligation on the part of the lessor to place the lessee in possession of the premises. If he is kept out of possession by any act of the landlord, or by one holding a paramount title, no doubt the lessee may have an action. The measure of damages in such cases is the difference between the agreed rental and the actual value of the premises to the lessee. But if the party holding over is a mere wrong-doer, the right of the lessee after the date fixed for

the commencement of the tenancy is as effectual to dispossess him as was that of the landlord—indeed, the landlord is not entitled to possession, and can maintain no action to recover the premises. The right of immediate possession is alone in the lessee, and he must bring the action. Therefore, when the lessee is prevented from obtaining the enjoyment of the premises by a former tenant, whose tenancy had expired, the law seems to be settled his remedy is against the latter and not against the lessor. This is the rule as stated by the text writers, and is fully sustained by the authorities. Taylor Lan. & Ten. sec. 312; *Hatfield* v. *Fullerton*, 24 Ill. 278; *Gardner* v. *Ketellar*, and *Cozens* v. *Stevenson, supra.*

It is shown, conclusively, the tenancy of the Mosslers had expired on the first day of May, when the term of appellees was to begin. They held over, without any authority from appellant. Appellees made no effort to obtain possession of the demised premises. They did not even demand the possession of the former tenants. The law afforded them a summary remedy against the parties wrongfully holding over, but they did not choose to avail of it. They insisted it was the duty of the lessor to give them possession. He had not contracted to do so, nor was there any implied obligation to that effect resting upon him. The remedy, and the only remedy, was in the hands of the lessees. It was summary and direct, had they chosen to enforce it. Had they been delayed in the undertaking, by appeal or otherwise, the parties withholding the premises, under the statute, would have been liable for such damages as would have afforded complete indemnity. The lessor had no such right. He was powerless to act so long as appellees insisted upon the benefit of the lease.

But, it is alleged, appellant, on the 5th day of June, re-let the premises to the Mosslers for the current year, beginning May 1st, 1872, and ending April 30, 1873, and thereby appellees were kept out of the premises.

It appears, appellant had made several unsuccessful efforts to dispossess the former tenants, but by an artifice, not, perhaps, altogether justifiable, had an arrangement by which he

could succeed. He caused appellees to be notified of the arrangement. This was about the third or fourth day of June. In the meantime appellees had procured a lease on another building in the same block, and were carrying on their business as usual. They had been asked whether they would still receive the premises in the event appellant was successful in getting the other parties out, but they declined to say whether they would or not. They were advised appellant did not want to dispossess the former tenants unless appellees would take the store-room, and occupy it under the lease. The season was then far advanced, and it might remain unoccupied for the remainder of the year without yielding an income. It was thought it would be better policy to compromise with the occupying tenants rather than run such a hazard; but appellees would make no reply until the premises should be vacated. This, appellant could well regard as an abandonment of the lease, and a refusal to occupy under it. Appellees had made no efforts, and were making none, to dispossess the former tenants. Appellant was receiving no rent from appellees, and he was not bound to wait longer on them. When they declined to say whether they would accept if he would regain the premises, he had the clear right to treat it as an absolute refusal, and re-let the same to whomsoever would rent them.

The claim set up by appellees is without any merit whatever. If they were kept out of the premises, it was by no fault of appellant. It must be attributed to their own neglect to employ the summary remedy which the law had placed in their hands, to dispossess the former tenants by an action of forcible detainer.

The judgment is warranted neither by the law nor the evidence, and must be reversed and the cause remanded.

*Judgment reversed.*