Dillon, J.
By written lease for one year, the defendant agreed to rent of the plaintiff a certain dwelling house for the sum of $300, *51 payable in monthly instalments. The lease further provided that the defendant should also have the use of a part of a large stable located by the plaintiff convenient to a number of cottages, said space to be for one horse and one carriage. The defendant occupied the residence for some seven months, when he left the same and has refused to pay for the remaining five months of the lease. The evidence shows that when the defendant attempted to put up his horse and carriage on the first day, he was refused admittage to the stable, and after subsequent attempts finally on the fourth day he - ceased to make any further attempt and rented stable room elsewhere.
The evidence also shows that the defendant gave notice to the plaintiff' on the first day that he had been denied admission to. tlie stable by the person in charge thereof, acting under the plaintiff.
As this action is upon the lease, recovery, of course, mxxst be had upon compliance therexvith on the part of the plaintiff, or a willingness to comply therewith.
The first question that presents. itself is new in this state, and has been the subject of considerable conflict in other jurisdictions. There is no question that where a tenant is dispossessed or denied possession by‘a stranger during his term, the landlord is not liable therefor, and the lessee himself must dispossess the stranger.
The question upon which there is so much conflict is this:. In the absence of expressed agreement or covenant, is the landJord bound to deliver premises to the lessee in the first instaxxce, free from the intrusion or possession of strangers? The conflict can be no better illustrated than by two excerpts from 18 Am. & Eng. Ency of L., at page 326, where it is held:
“Though there is an implied agreement on the part of the landlord that the premises shall be in 'such a condition that the lessee may enter thereon without hindrance at the time when his term is but begun, the fact that the possession is with held from the tenant by a third person will not constitute a defense in bar of the landlord’s recovery of rent.”
Bxrt in the same book at page 615, we find this language;
*52 “The lessor impliedly covenants to give possession to the lessee at the commencement of the term and if the premises are wrongfully held by a third person, it is the duty of the lessor to oust him.”
The leading case in favor of the plaintiff in this case is that of Gardner v. Keletas, 3 Hill, 330, in which the court held that if a lessee be prevented from entering upon the demised premises by a former tenant whose term has expired, or by any other stranger, the remedy of the lessee is to be sought against the intruder and not against the lessor, and that in such case the lessor was in no manner whatsoever liable. In other words, in such case the lessor is not bound in the first instance to deliver possession of the premises, but only the right of possession and free from any other paramount title granted by him.
Following this decision, the Supreme Courts of Missouri, Illinois, New Hampshire, and possibly one or two others, have so held.
The leading case contra is found in King v. Reynolds, 66 Ala., 229. And this decision has been followed in the states of California, Connecticut, and is further supported by the English authorities. In consideration of the principles and reasons adduced in these various eases, I incline to the English doctrine and adopt the reasoning of King v. Reynolds, 67 Ala., 229. That court held that there is an implication that at the time and the very moment fixed by the terms of the lease for the lessee to take possession, the landlord must deliver the same to him, and that to that extent the lessor impliedly covenants that there shall be no impediment to the lessee taking possession at the time stipulated, and that for a breach of such a covenant the lessee is not bound.
In the case of Coe v. Clay, 5 Bing., 440, which was decided after and upon a consideration of the contrary case of Gardner v. Keletas above, it was held that one who accepts a lease expects to and has a right to enjoy the property and does not merely obtain the chance of a law suit. A lease for a number of -years is -a -chattel interest. The prime motive of the con *53 tract is that the lessee shall get a possession. Delivery is one of the elements of this contract. The thing itself must be delivered. Otherwise, we can easily conceive that a party accepting a lease and on the first day thereof attempting to get possession may find himself barred by the possession of another, perhaps a tenant holding over with color of right, and before he would be able to have the litigation determined, the time of his lease would have expired, or he would have been greatly injured thereby. The burden in such case would be placed upon the lessee, since he is out of possession, when in truth he should be so placed that the burden to prove should be upon every one else in the world before he could be dispossessed.
I am moreover of the opinion that in the ease at bar there would be no conflict of authorities, for this reason, that by the terms of the lease the particular space in the large barn alotted to the lessee was not specified therein, and, therefore, remained to be indicated and set apart by the lessor. It thereupon became the duty of the lessor to set aside that space because the lessee would have no right to maintain any action to eject any particular person, not only for the reason that he did not and could not know what particular person was occupying his space, but he' could not specify in his action for ejectment the premises to which he was entitled.
In such a ease, therefore, it becomes the duty of the lessor to at once indicate and set apart the particular part of the stable for the lessee. Having failed to do so, it is clear to my mind that the lessee is not bound by the lease.
It is further argued by the plaintiff that the lessee, having entered a part of the premises and occupied the same for several months without objection,,is estopped and has waived the failure of the lessor to place him in possession of the remainder of the property. To this I can not agree. This action it must be remembered is upon a written lease and not upon actual occupancy. The case will be simplified when the illustration is carried to larger limits. Suppose, for instance, a lease lets half a' dozen different houses and farms which are separate and distinct. The occupancy ■ by the lessee of all but one out of which he was dispossessed should not in law compel him to pay *54 rent for that particular one. Recovery must be had either upon quantum meruit or upon the- lease. ■ In this case there can be no recovery for the actual use of the stable. Likewise there can be no recovery upon the lease itself, since the lessee was kept out of possession through no fault of his own.
Rogers & Rogers, for plaintiff.
G. E. Bibbee, for defendant.
Judgment therefore will be for the defendant. Exceptions will be noted.
The case above reported was taken to the Circuit Court of. Franklin County, where, after a hearing, the subjoined opinion was filed.
Dustin, J.; Sullivan, J., and Wilson, J., concur.
We have been much interested in the examination of the questions raised in this case, and take pleasure in commending counsel for their very full and able briefs.
Recognizing the conflict of authority on the main point, we are, however, of the opinion that the best reasoning is in favor of the contention that it is the landlord’s duty to clear the way for the entrance to possession of the property by the lessee, on the first day of his term. See opinion of Stone, J., in King v. Reynolds, 67 Ala., 229, 233.
Furthermore, in the case at bar it was impossible for the lessee to get possession of the stable room, because same had not been designated and described to him.
Upon the whole we concur with the views of Judge Dillon in his written opinion.
The judgment of the common pleas court will therefore be affirmed.