CHARLES HERPOLSHEIMER V. JOHN P. CHRISTOPHER.*

FILED APRIL 5, 1906. No. 14,028.

Contract: ABANDONMENT. A contract will be treated as abandoned, where the acts of one party, inconsistent with its existence, are acquiesced in by the other.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. Reversed.

Ricketts & Ricketts, for plaintiff in error.

George W. Berge, contra.

---

* Rehearing allowed. See opinion, p. 355, post.

JACKSON, C.

The plaintiff in error is the owner of a farm of 480 acres in Lancaster county. In November, 1901, he leased the premises to the defendant in error for the period of one year, commencing March 1, 1902. The lease was in writing and contained no covenants to put the defendant in error in possession, nor for the quiet enjoyment thereof. The rent was payable in cash at stated periods and promissory notes were given for the amount agreed upon. At that time another tenant was in possession under a written lease, terminating on the date at which the defendant's lease commenced. The tenant in possession refused to surrender the premises on the termination of his lease and the landlord instituted forcible detention proceedings and had judgment for possession on March 18, 1902. The tenant appealed to the district court, gave the statutory bond, and remained in possession, and thereupon the defendant in error on April 4, 1902, demanded a return of the notes given by him in payment of rent for the period covered by his lease. The notes were canceled and surrendered. On May 24, 1902, the forcible detention case was heard on appeal in the district court, where judgment was rendered by agreement in favor of the landlord, and thereafter the defendant in error sued the plaintiff in error for damages because of an alleged violation of the terms of his lease. His right to recover was based upon an allegation of the refusal of the landlord to give him possession of the premises at the beginning of his term, and the action so brought proceeded to trial upon that issue. At the close of the plaintiff's evidence the defendant moved for a directed verdict. Before a ruling on this motion, the plaintiff asked and procured leave of court to amend his petition. By the amended petition the right to recover was based upon an allegation of a prior outstanding lease to the tenant in possession. Issues were joined upon that allegation, plaintiff was permitted to reopen his case and introduced further evidence in support of that issue. The

26

trial resulted in a verdict and judgment for the plaintiff, and the defendant prosecutes error.

Several questions are presented by the record, but the most important and controlling one, in our judgment, arises out of the acts of the defendant in error in demanding the return of his notes, and as a result the cancelation of his lease. Prior to the surrender of the notes some negotiations were had between the parties looking to a settlement of the controversy, and the defendant in error made some claim for damages, and his demands in that respect were discussed between defendant in error and a son of the plaintiff in error, with counsel. These negotiations, however, terminated in a peremptory demand for the return of the notes. Such demand and compliance amounted, in our judgment, to an abandonment of the contract by mutual consent. The provisions of the contract no longer remained in force, they could not be binding on one party unless they were equally binding on the other. The rule is that a contract will be treated as abandoned, where the acts of one party, inconsistent with its existence, are acquiesced in by the other. *Hall v. Eccles*, 46 Neb. 880. Certainly no right of possession to the leased premises thereafter existed in favor of the defendant in error, and in that behalf it is worthy of notice that a large portion of the demand for damages accrued after the abandonment of the contract, and the rule is that, in an action by a tenant against his landlord for an interruption of the tenant's right of possession, failure to prove that he had a continuous right of possession is fatal to the tenant's case. *Ives v. Williams*, 53 Mich. 636.

We are convinced that the judgment of the district court was wrong, and we recommend that the judgment be reversed and the cause remanded.

Duffie and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.

The following opinion on rehearing was filed March 21, 1907.. *Judgment of reversal adhered to:*

1. **Lease:** COVENANT. Ordinarily there is an implied covenant in a lease that the demised premises shall be open to entry by the lessee at the time fixed in the lease as the beginning of the term.

2. **The measure of damages** for a breach of this implied covenant is the difference between the rental value of the premises and the rent reserved in the lease. The lessee may also recover such special damages as he pleads and proves to have necessarily resulted from the breach of the agreement.

3. **Question for Jury.** Under the evidence in this case, *held* that the question whether the plaintiff rescinded the contract and abandoned the claim to damages should be submitted to the jury.

LETTON, J.

A brief statement of the facts in this case and of the proceedings at the trial is contained in the former opinion, *ante,* p. 352. The plaintiff began the action upon the theory that there was an implied covenant on the part of the lessor, Herpolsheimer, to put the lessee, Christopher, into possession of the demised premises when the term began, and that, since he was kept out of possession by a former tenant wrongfully holding over, he was entitled to recover damages for a breach of the implied covenant. The defendant contends that no such covenant is implied and that the lessor is not compelled to eject a wrong-doer for the benefit of the lessee; that it is the lessee's duty, if he desires possession, to procure it himself by virtue of the right granted him by the lease, and, hence, that no right of action for damages accrues for the failure of the lessor to put him into possession. During the trial, the court, upon a motion to instruct for defendant being made, apparently adopted the defendant's view of the law, but plaintiff asked leave to amend, and was

permitted to amend, his petition so as to count upon a prior lease to Spelts, the tenant whom the defendant claimed was holding over, for the same term demised to plaintiff. A rescission of the contract by the plaintiff, in asking for and receiving his notes given for the rent, was pleaded as a defense, as well as a general denial. The court instructed the jury that it was not incumbent upon the landlord to put the tenant in possession as against a tenant holding over, but that, if it found that there was a prior and paramount lease made for the same term to Spelts by the defendant, then the plaintiff would be entitled to recover. It appeared from the evidence that Herpolsheimer brought and prosecuted to a successful determination a forcible entry and detainer suit against Spelts, and that Christopher was consulted about bringing the suit, and encouraged the prosecution of the same and was present at the trial. By another instruction the jury were told that the defense of rescission had not been established. The court also instructed with reference to the allowance of certain items of special damages based upon the plaintiff's contention that he had rented the farm for the special purpose of using it for stock raising and farming on a large scale and that upon the first of March he was compelled to move to his brother's farm, and from thence, about the first of April, to a farm which he purchased, and incurred extra expenses and damage by so doing.

We are convinced from an examination of the testimony and the instructions of the court that the jury could never have arrived at the verdict which they reached if they had followed the court's instructions, and that the verdict should be set aside and a new trial granted for that reason alone, unless the former opinion is correct in holding that the evidence clearly showed a rescission of the contract by the plaintiff and that, consequently, he had no cause of action. Upon this point, we are convinced that the question whether a rescission and abandonment of the contract by the plaintiff took place at

the time the notes were delivered to him is a question
of fact which should have been submitted to the jury.  If
the intention of the plaintiff was to rescind the contract,
abandon the lease and waive any claim for damages he
might have, this would be a perfect defense, but if at the
time he accepted the notes he did not waive or abandon
his right to damages, but left the question open for set-
tlement and negotiation, then the acceptance of his notes
would not operate as an abandonment or rescission, but
would merely go to reduce the amount of his recovery.
There is evidence in the record of a claim for damages
being made upon the defendant, together with a demand
for the return of the notes and an acknowledgment by
the defendant's attorneys of such a claim still being pend-
ing at the time of the surrender of the notes, sufficient,
we think, to justify the submission of the question to the
jury.

Since there must be a new trial, and since the question
is one of first impression in this state, we think it proper
at this time to determine which of the conflicting doc-
trines shall be adopted, as to whether or not there is
an implied covenant in a lease by which a lessor agrees
to put the lessee in possession, or to have the demised
premises open for his possession on the day that the
term begins.   There is an irreconcilable conflict among the
courts of this country upon this point.  Perhaps the
greater weight of authority is in line with the courts of
New York, which hold that, if a lessee is prevented from
taking possession of the demised premises by a tenant
wrongfully holding over, it is not the duty of the land-
lord to oust the wrongdoer; that the right to possession
at the end of the existing term is in the lessee, and not
in the lessor, and that, when the landlord has given to
the tenant the right to possession, he has done all that
he is required to do as against third persons not claiming
under prior and superior rights derived from him.   This
is the law in New York, New Hampshire, Maryland, Ver-
mont, Illinois and Pennsylvania.   *Gardner v. Keteltas, 3*

Hill (N. Y.) 330; *Pendergast v. Young,* 21 N. H. 234; *Sigmund v. Howard Bank,* 29 Md. 324; *Underwood v. Birchard,* 47 Vt. 305; *Cozens v. Stevenson,* 5 Serg. & Rawle (Pa.) 421; *Gazzolo v. Chambers,* 73 Ill. 75. Jones, Landlord and Tenant, sec. 366, and note; 1 Taylor, Landlord and Tenant (9th ed.), sec. 305. The courts of England, however, and of Missouri, Alabama, Indiana, Michigan, Texas, California and Arkansas hold that there is an implied covenant that, when the time comes for the lessee to take possession according to the terms of his lease, the premises shall be open to him. That he is not liable for rent until he has been afforded an opportunity to enter, and that he is under no obligation to maintain an action against a tenant holding over to recover possession. Jones, Landlord and Tenant, sec. 367. In *Coe v. Clay,* 5 Bing. (Eng.) 440, the defendant had agreed to let the plaintiff certain premises, and this was an action for not letting him into possession by reason of a preceding tenant wrongfully holding over. The report states with commendable brevity: "The court were all clearly of opinion, that he who lets, agrees to give possession, and not merely to give a chance of a lawsuit"; and the verdict was upheld. See, also, *Jenks v. Edwards,* 11 Exch. (Eng.) *775. There is an interesting discussion of this question in *King v. Reynolds,* 67 Ala. 229, in which the relative merits of the English and New York rule are considered, and the English rule adopted. The following are cases upholding this view: *Coe v. Clay,* 5 Bing. (Eng.) 440; *Jenks v. Edwards,* 11 Exch. (Eng.) 775; *L'Hussier v. Zallee,* 24 Mo. 13; *Hughes v. Hood,* 50 Mo. 350; *King v. Reynolds,* 67 Ala. 229; *Spencer v. Burton,* 5 Blackf. (Ind.) *57; *Clark v. Butt,* 26 Ind. 236; *Vincent v. Defield,* 98 Mich. 84; *Hertzberg v. Beisenbach,* 64 Tex. 262; *Rice v. Whittemore,* 74 Cal. 619; *Rose v. Wynn,* 42 Ark. 257. We deem it unnecessary to enter into an extended discussion, since the reasons *pro* and *con* are fully given in the opinions of the several courts cited. We think, however, that the English rule is most in consonance with good conscience, sound

principle and fair dealing. Can it be supposed that the plaintiff in this case would have entered into the lease, if he had known at the time that he could not obtain possession on the first of March, but that he would be compelled to begin a lawsuit, await the law's delays and follow the case through its devious turnings to an end before he could hope to obtain posession of the land he had leased? Most assuredly not. It is unreasonable to suppose that a man would knowingly contract for a lawsuit, or take the chance of one. Whether or not a tenant in possession intends to hold over or assert a right to a future term may nearly always be known to the landlord, and is certainly much more apt to be within his knowledge than within that of the prospective tenant. Moreover, since in an action to recover possession against a tenant holding over the lessee would be compelled largely to rely upon the lessor's testimony in regard to the facts of the claim to hold over by the wrongdoer, it is more reasonable and proper to place the burden upon the person within whose knowledge the facts are most apt to lie. We are convinced therefore that the better reason lies with the courts following the English doctrine, and we therefore adopt it, and hold that, ordinarily, the lessor impliedly covenants with the lessee that the premises leased shall be open to entry by him at the time fixed in the lease as the beginning of the term.

Under the facts presented in this case, we think the court erred in submitting the question of whether there was a prior lease made by Herpolsheimer to Spelts under which Spelts claimed possession after March 1. The evidence shows that the plaintiff was an interested participant in the action for forcible entry and detainer against Spelts, although it was brought in Herpolsheimer's name, and that he was present at the trial, and we think that the successful result of that suit settled this issue as between Herpolsheimer and the plaintiff on the one side and Spelts upon the other. The instruction of the court upon this branch of the case, that the plaintiff, if the jury be-

lieved he had been so active in the suit, would be estopped and concluded to allege and prove that Spelts held over under a lease paramount to the lease held by the plaintiff, properly stated the law, but the evidence upon this point was so clear as not to require its submission to the jury. This issue, for both the reasons given, should therefore be eliminated upon a new trial.

As we view the case, the issues to be tried are narrow. The fact that the lease was made, as alleged, is not disputed; neither is the fact that Herpolsheimer did not give Christopher the opportunity to take possession when his term commenced, and that Christopher, after it had become evident that it was impossible for him to obtain the place in time to farm during that year, obtained another farm, and demanded the return of his notes and damages for the breach of the contract. The only points necessary therefore to determine are: (1) Did the plaintiff rescind and abandon the contract and his claim for damages? (2) If not, what is the proper measure of damages to which he is entitled? In such a case, ordinarily, the measure of damages is the difference between the rental value of the premises and the rent that the plaintiff agreed to pay. By rental value is meant, not the probable loss of profits that might occur to the lessee, but the value, as ascertained by proof, of what the premises would rent for, or by evidence of other facts from which the fair rental value may be determined. But special damages may also be allowed if pleaded and proved. The plaintiff pleaded a number of items of special damages. The eighth and ninth instructions given by the court lay down the law correctly as to the plaintiff's right of recovery for damages and as to the measure thereof. We are inclined to the view, however, that some of the items of special damages which the plaintiff was allowed to prove at the trial were too remote to be considered, and that the inquiry should have been limited to the extra cost and expenses necessarily incurred by plaintiff in the removal to his brother's farm, and the extra cost of the care and

maintenance of his family, and of his live stock, over what it would have been if he had obtained the defendant's farm as agreed; also, for the loss of his time during the period that he was awaiting the result of the suit against Spelts, and until he obtained another farm, since the evidence shows diligence on his part as soon as he found that Spelts had taken an appeal. 3 Sutherland, Damages (3d ed.), sec. 865; *Rose v. Wynn,* 42 Ark. 257; *Adair v. Bogle,* 20 Ia. 238; note to *Taylor v. Bradley* (39 N. Y. 129), 100 Am. Dec. 428.

Several other points are argued by defendant, but we do not think them of weight. We adhere to the judgment of reversal.

REVERSED.