# ROBERT A. BROWN, Respondent, v. CHARLES W. WALL, Appellant.

### St. Louis Court of Appeals, December 8, 1914.

1. **LANDLORD AND TENANT: Lease: Implied Covenants.** Unless a lease contains stipulations to the contrary, there is an implied covenant on the part of the lessor, that, when the time comes for the lessee to take possession under the lease, the premises will be open to his entry; but such implied covenant does not impose upon the lessor the obligation to physically put the lessee in possession, and if the premises are open for entry by the lessee at the proper time, and a stranger subsequently interferes with his possession, the implied covenant is not breached and the landlord is not liable therefor.

2. ————: ————: ————: **Interference of Third Party: Right of Tenant to Recover Rent Paid.** Plaintiff leased a house from defendant and paid two months' rent in advance, it being agreed that he could take possession at any time he chose. Defendant delivered the key to the premises to him, and thereafter he cleaned out the house and moved in some furniture. While the balance of the furniture was being moved in, the police interfered with plaintiff, informing him that he would not be allowed to live in that neighborhood. In an action to recover the rent paid in advance, on the theory that the implied covenant for peaceable possession was breached, *held* that, in view of the fact that the premises were open for occupancy at the time plaintiff's right thereto accrued and that he was prevented from enjoying the occupancy thereof through no fault of defendant, but simply because of the act of a stranger, with whom defendant had no connection, plaintiff was not entitled to recover; the rent paid in advance having been paid pursuant to the lease and not by virtue of plaintiff's occupancy of the premises, and defendant not having breached the lease, was under no obligation to return such advance payment.

3. ————: ————: **Tenancy at Will: Rent.** Rent becomes due under a common-law tenancy at will only in consequence of occupation.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

REVERSED.

*John C. Vaughan* for appellant.

The court erred in admitting evidence of the action of the police in refusing to allow plaintiff to place his furniture in the premises. The landlord is not liable for these acts of a mere stranger not in possession or claiming the right to possession of the property. King v. Reynolds, 67 Ala. 229; Hueist v. Marx, 67 Mo. App. 418; Podalsky v. Ireland, 121 N. Y. Supp. 950; Browder v. Edmonson, 7 Ga. App. 843; 24 Cyc. 1050 and 1051.

*Willis H. Clark* for respondent.

The judgment appealed from is fully justified under the law and upon the evidence. Hughes v. Wood, 50 Mo. 350; Rieger v. Welles, 110 Mo. App. 166.

NORTONI, J.—This is a suit for damages and to recover $150 paid on a contract of lease. The finding and judgment were for plaintiff and defendant prosecutes the appeal.

It appears that, on February 4, 1910, plaintiff leased an apartment from defendant, situate at the northwest corner of Vandeventer avenue and Olive street, in the city of St. Louis, for the term of one year, to commence on the fifteenth day of that month. By the terms of the agreement entered into between the parties, plaintiff was to pay a rental of $75 per month, but was to pay $150 in advance, which should be applied in payment of the last two months' rent, under the lease. It was agreed, too, that while plaintiff's term should not commence until the 15th day of February, 1910, he might move into the premises and occupy the same at any time theretofore he chose to elect.

On the day the contract was entered into—that is, February 4, 1910—plaintiff paid defendant $150 to be applied in payment, as before stated, on the last two months' rent for the term. A day or two thereafter, plaintiff was given the key to the premises, for they were then unoccupied, and his wife visited them with a view of preparing to move in and taking possession. On the occasion of this visit, she swept the rooms and prepared them for occupancy. Thereupon plaintiff elected to take immediate possession, under the agreement, and remove his household goods thereto. On February 7 or 8, he caused two loads of his household goods to be transported and placed in the apartment, and the third load was being unloaded when the police of the city of St. Louis interfered. About this time, plaintiff's wife reached the premises with a view of arranging the furniture in position and establishing the home, when she met with objection from a police officer against further proceeding thereabout. It appears plaintiff and his wife are negroes, and, it is said the police asserted that colored people would not be tolerated in that neighborhood. Thereupon plaintiff's wife remonstrated with the officer, saying her husband had leased the premises, and, as a result of the controversy, she was taken into custody and lodged in the city jail. On the following day, her husband, plaintiff, called to see her at the jail, and he, too, was arrested and incarcerated therein, where both remained until the following day. Upon their release, or soon thereafter, plaintiff caused his furniture to be removed from the apartment, stored it, and failed to occupy the premises or pay further rent therefor.

There is no evidence even suggesting an inference that the police acted either for or at the instance of defendant (lessor), and the case is one where the lessee was prevented from occupying the premises by the intrusion of a stranger. On these facts, the suit proceeds to recover the $150 paid defendant on the

contract of lease, which was to be applied on the last two months' rental of the term, and damages flowing from a breach of the implied covenant for quiet enjoyment, which embraces the obligation to confer possession on the lessee.

There can be no doubt that where there is a contract of lease and no stipulation to the contrary, there is an implied covenant on the part of the lessor that, when the time comes for the lessee to take possession under the lease, according to the terms of the contract, the premises shall be open to his entry. Such is the English doctrine, which has been adopted and obtains in this State, as will appear by reference to Hughes v. Hood, 50 Mo. 350.

In the case cited, the suit of the lessee for damages on this implied covenant, because of its breach, was sustained, where it appeared a former tenant of the landlord held over at the expiration of his term and thus prevented the entry of the lessee therein. Such, indeed, were the facts of the English case of Coe v. Clay, 5 Bing, 440, the rule of which was adopted and approved by our own Supreme Court in Hughes v. Hood.

But cases of that character are to be distinguished from this one, for here all of the evidence concedes that the premises were open and ready for entry at the beginning of the term, and the lessee was prevented from enjoying them by the act of an entire stranger, over whom the lessor had no control. It is true the term of the lease was to commence—that is for the payment of rental—on the 15th day of February, 1910, but by agreement of the parties, plaintiff was entitled to enter on any day theretofore, after February 4, on which the contract was made, that he might choose to do so. The evidence is conclusive, and the case concedes, that plaintiff elected to move in and to take possession on Saturday, the 7th or 8th day of February, and went about so doing by actually

installing two loads of furniture in the premises and attempting to install the third. He and those representing him had possession of the key at the time as well. Therefore, the case is to be viewed as if the right of possession in the lessor had ceased, under the terms of the lease, and the right of entry on the part of the lessee attached, for, indeed, he had entered through removing his goods thereto and was in possession at the time. This being true, the covenant of the landlord must be regarded as having been kept intact and no breach appears which may be attributed to him.

The implied covenant of the lessor under consideration extends no further than to guarantee that he had authority to make the lease and that the premises should be. open for occupancy when the contract gave to the lessee the right to enter. [See King v. Reynolds, 67 Ala. 229, 234, 24 Cyc. 1050, 1051.] Therefore, the distinction between cases casting liability on the lessor for his failure to give possession of the premises under the lease is to be taken with respect to the time the right of the lessor over the possession ceases and that of the lessee begins. If it appears, as in Hughes v. Hood, supra, that some one was occupying the premises at the time the lessee's right of entry accrues and he is prevented because of that fact from entering, then liability is entailed on the lessor for the breach. But, on the other hand, if the premises are open for entry at the time the right of the lessee to enter accrues under the lease, the covenant is fulfilled and a subsequent impediment offered by a stranger is regarded as a trespass against the rights of the lessee and no liability is entailed on the part of the lessor because of it. [See King v. Reynolds, 67 Ala. 229.]

It is certainly true that the implied covenant alone, without more, does not impose upon the lessor the obligation to physically place the lessee in posses-

sion of the premises. It is enough if the premises are open for occupancy at the time the right of the lessee to enter accrues. [See Brouder v. Edmondson, 7 Ga. App. 843; Podalsky v. Ireland, 121 N. Y. Supp. 950, 24 Cyc. 951.] Here, as before stated, the evidence is conclusive, and the case concedes, that the premises were open for occupancy at the time plaintiff's right thereto accrued, and he was prevented from enjoying them through no fault of the lessor, but rather because of the act of a stranger. Therefore, the damages sued for do not flow from a breach of the implied covenant in the lease, but rather from the act of the police officer, who prevented him from enjoying the premises. There was no duty on the part of the lessor to restrain them as the interference occurred after his obligation was fulfilled and the trespass was one against the estate of the plaintiff.

There can be no doubt of the right of the lessor to retain the $150 rent paid under the lease, for such right accrues to him through the contract and not at all from the fact of occupancy, unless it be in the case of a common-law tenancy at will, where rent becomes due only in consequence of occupation. [See Taylor's Landlord & Tenant ( 9 Ed.), section 15; and Forder v. Davis, 38 Mo. 107.] Here the contract of lease expressly stipulated for the payment of $150 as above stated, and it appearing that defendant in nowise breached his covenant, of course, the amount may not be recovered from him.

The judgment should be reversed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.