## THOMAS F. HALL v. DAVID ECCLES.

### FILED JANUARY 22, 1896.   No. 5953.

1. **Contracts:** ABANDONMENT.   An abandonment of a contract may be effected by acts of one of the parties thereto, which are inconsistent with its existence and acquiesced in by the other party.

2. **Sale:** EVIDENCE OF ABANDONMENT OF CONTRACT.   The evidence examined, and *held* sufficient to sustain findings and judgment in favor of defendant.

ERROR from the district court of Douglas county.   Tried below before DOANE, J.

*Cowin & McHugh,* for plaintiff in error.

*H. W. Smith* and *C. L. Richards, contra,* cited: *Paul v. Meservey,* 58 Me., 419; *Jewell v. Reddington,* 57 Ia., 92; *Harris v. Bradley,* 9 Ind., 166; 2 Addison, Contracts, p. 854.

*Bartlett, Crane & Baldrige,* also for defendant in error.

HARRISON, J.

Plaintiff in error Thomas F. Hall, with O. N. Ramsey and M. M. Marshall, were, in the year 1886, partners; and the firm thus constituted owned and operated a saw mill, made and sold various kinds of lumber, railroad ties, etc., and also operated several small stores selling general merchandise, and some other industries in and near the village of North Powder, Oregon.   Of the partners, Hall owned a one-half interest in the firm and Ramsey and Marshall one-fourth each.   At the time stated, and prior thereto, defendant in error was and had been a wholesale and retail dealer in lumber at Ogden, Utah, and owned and operated several saw mills for the supply of his trade.   During the month

of October, 1886, plaintiff and defendant in error met, probably at the suggestion or appointment of the latter, in North Powder, and after some negotiations entered into a contract or signed a statement which set forth the sale by Hall to Eccles of the one-half of Hall's interest or a one-fourth interest in the business of the firm, the consideration therefor, as expressed in the instrument, being $9,062.50 of which no part was paid except possibly $1. There was a statement in the contract of sale acknowledging the receipt of a payment of $1. To recover the amount of the consideration expressed in the contract or memorandum of sale referred to was the object of this suit, and from a finding and judgment of the trial court favorable to the defendant the plaintiff has prosecuted error proceedings to this court.

The judgment rendered by the district court was apparently based upon a finding that whatever agreement of sale was entered into between the parties to this action, by the terms of the paper signed by them at North Powder, was afterwards abandoned, and that such abandonment was evidenced by the acts of plaintiff herein inconsistent with or diametrically opposed to the further existence of the agreement, which were acquiesced in by defendant, and that, if it ever possessed any force or validity, it was thus annulled. By the testimony introduced the plaintiff sought to establish that there was an actual, executed, completed sale by him to defendant of a one-fourth interest in the business, as was indicated by the terms of the instrument to which we have alluded, and that nothing remained to be done except payment of the consideration by the defendant, and in furtherance of this purpose it was proved, and not controverted, that immediately after the signatures of the parties were attached to the alleged contract, he accompanied the defendant on a tour of inspection of the various properties and enterprises of the firm and exhibited to him its books and papers, and told him some of the secrets of its

business, or caused the latter to be made known to him.  The
defendant strove to make it appear that at the time he and
plaintiff signed the paper which purported to be a contract
of sale and purchase plaintiff was very anxious for him to.
become a partner, or interested in the firm and its operations,
as it needed financial aid, and plaintiff thought defendant
would be able to furnish it, and, if interested, would do so,.
and it was understood that defendant was to make an effort to
purchase all, or a portion, of the interest owned by Ramsey
and Marshall, or of Ramsey, who, it appears, owned or so
controlled Marshall's former interest as to be in a position
to make a binding sale of it, and if defendant succeeded in
purchasing of Ramsey, the contract between plaintiff and
defendant was to be abandoned, but if he did not or could
not effect a purchase of Ramsey, then such agreement was
to be further pursued.   Defendant finally did purchase of
Ramsey a one-third interest in the business and properties
of the firm.   It appears that subsequent to the execution
of the instrument which is the foundation of this suit, and
before plaintiff was aware that defendant had perfected the
purchase of Ramsey, which was consummated in Ogden and
could not be known to plaintiff, then at North Powder,
plaintiff wrote to defendant that there had arisen a present
and pressing need for money to use in the business, and
plaintiff had made a draft on Ramsey, as he did not know
whether defendant had concluded a deal with Ramsey
sufficiently to permit drafts to be drawn upon him (defend-
ant).   It is insisted that this letter was inconsistent with
the claim of plaintiff that the defendant had purchased of
him and was interested in the firm to the extent of a one-
fourth interest, and thus had become a member of the firm
and in the same position, so far as honoring the draft was
concerned, as if any bargain had been closed with Ramsey.
It further appears that after the time of the execution of
the instrument by plaintiff and defendant which is relied
upon in this action, the plaintiff stated, at different times and

places, to various persons that he was the owner of a one-half interest in the business, etc., of the firm; that he wrote to an agent of the Union Pacific Railway Company regarding some money due or to become due the firm from that company, and stated in the letter that he was one-half owner in the business and was then the manager, and strongly urged that the vouchers for claims should be sent to and paid to him (plaintiff). At another time, when $2,500 was to be divided between the members of the firm, plaintiff received one-half, defendant one-third, and Ramsey one-sixth, and plaintiff executed and delivered to defendant his promissory note for $833.33⅓, defendant's share of the $2,500, at a time when he insists defendant was owing him the amount in suit. An agreement was signed by all the members of the firm, including plaintiff, wherein the liability which should attach to defendant as a member of the firm for any indebtedness incurred by it should be limited to the one-third or to the same extent as was his paid-up interest in the properties and business of the firm. Plaintiff testified and produced other witnesses to show that in the last mentioned transaction particularly, and indeed at all times and under all circumstances, he insisted that he still relied upon the contract of purchase and sale now in suit, and its validity, and that nothing he did and no act of his should be taken in any manner or to any degree as weakening the force of his position or rights under such contract; that before he signed the agreement by which the liability of defendant for the debts of the firm was limited to a one-third and no more, he asked for time to see counsel and was granted it, and it was only after feeling fully assured and satisfied that such action would not and could not interfere with the proper enforcement of his contract of sale to defendant, that he consented to sign the other agreement in relation to defendant's liability. There was evidence of other and further facts and circumstances produced by either party to the suit which tended in a greater or lesser

degree to corroborate or support the position assumed under the issues by each, but we do not deem it necessary to further notice them here. After fully and carefully examining all the testimony, we have reached the conclusion that the evidence sustained the finding of an abandonment of the contract of sale, if any was ever in effect, and it follows that the judgment of the district court will be

AFFIRMED.