CONTINENTAL LUMBER COMPANY, APPELLANT, V. MUNSHAW
& COMPANY, APPELLEE.

FILED DECEMBER 5, 1908.   No. 15,374.

1. **Trial: INTENT: QUESTION FOR JURY.** When the intention of a party is to be ascertained from disputed or ambiguous circumstances, the necessary inferences to be drawn are for the determination of a jury. *Continental Lumber Co. v. Munshaw & Co.,* 77 Neb. 456, followed and approved.

2. **Appeal: EVIDENCE: HARMLESS ERROR.** The admission of incompetent testimony will not work a reversal of a case unless it appears that such evidence was prejudicial to the complaining party.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*E. R. Leigh,* for appellant.

*A. H. Murdock, contra.*

GOOD, C.

This is the second submission of this case in this court. A statement of the issues and facts involved may be found in the former opinion, reported in 77 Neb. 456. After the case was remanded to the district court the defendant filed a supplemental answer, in which it was alleged that plaintiff had, subsequently to the former trial, exercised ownership over the lumber that was alleged to have been sold and delivered to the defendant, by offering to sell the lumber to third parties. Plaintiff replied that the offer to sell was made at the instance of the defendant, and that the offer that was made was an attempt to compromise and settle the differences between the parties. A trial resulted in a verdict and judgment for defendant for the amount of its counterclaim for freight advanced upon the car-load of lumber. From this judgment plaintiff has appealed.

Plaintiff contends that the evidence is insufficient to

support the verdict, and claims that defendant's letter of December 17, 1903, wherein it objected to the quality of the lumber and asked for a credit slip for $30.71, was in the nature of a claim for damages, and showed that defendant had elected to accept the lumber and stand upon a claim for damages, instead of refusing to accept the lumber. The correspondence is set out in the former opinion referred to. In that opinion it was held: "When the intention of a party is to be ascertained from disputed or ambiguous circumstances, the necessary inferences to be drawn are for the determination of the jury.". The facts and circumstances relating to the acceptance of the lumber were fully before the court, and it was determined that the question was one of fact to be submitted to the jury. Upon the second trial the evidence was similar to that given on the first trial. There was some conflict and some ambiguity in the circumstances, and different inferences might have been drawn from the facts and circumstances proved. We think the principle of law announced in the former opinion is particularly applicable to the present situation. Under the circumstances, the question was one for the determination of a jury, and its finding thereon is final. In this connection we might remark that we think the entire correspondence, taken together, shows that the plaintiff sought to rescind the contract when it ordered the defendant to keep the lumber intact and to hold it subject to its disposition; and when defendant thereafter refused to accept the lumber, except upon the conditions named in its letter of December 17, there was a practical abandonment of the contract. We think the principle of law announced in *Herpolsheimer v. Christopher*, 76 Neb. 352, is applicable to this case. In that case it was held: "A contract will be treated as abandoned, where the acts of one party, inconsistent with its existence, are acquiesced in by the other."

Plaintiff pleaded and attempted to prove that a custom existed among lumber dealers in the community to submit to an inspector any controversy arising between the re-

tailer and the wholesaler as to the quality of the lumber. Plaintiff contends that under the showing made it was entitled to have a verdict directed in its favor. On this point the evidence tends to show that defendant in purchasing the lumber refused to sign a written order for the lumber, whereby he might be bound by stipulations he did not fully understand. It further shows that plaintiff's salesman represented the lumber to be number 2 shiplap, as good as sold by any other manufacturer. It also tends to show that defendant had no knowledge of the rules and regulations of the said lumber dealers' association with reference to the grading of the lumber, and there is nothing in the rules offered in evidence which would bind the defendant to accept and abide by the result of an inspection. Under these circumstances, it could not be held as a matter of law that defendant was bound to submit to or abide by an inspection of the lumber. The order was for a car-load of number 2 shiplap. Under the contract of purchase defendant was entitled to a car-load of lumber of that grade. Plaintiff could not, under the contract, require the defendant to accept a different kind of lumber, or to accept a car-load of lumber a considerable portion of which was below the grade agreed upon. The car in question contained something over 23,000 feet of lumber. Defendant claimed, and his evidence tended to show, that more than 10,000 feet of lumber were below grade. Plaintiff conceded that 862 feet of lumber were below grade. As was indicated in the former opinion, this was sufficient to give the defendant a right to refuse the lumber. The principal question, therefore, was whether the defendant did in fact accept the lumber. This question was fairly submitted to the jury and determined adversely to the plaintiff.

The trial court admitted in evidence over plaintiff's objection a letter written by it to a Mr. Young. This letter disclosed that there was a controversy between plaintiff and defendant regarding the lumber, and plaintiff

53

therein offered to sell the lumber to said Young at a certain price upon the condition that the defendant would consent thereto. Plaintiff urges that this letter was incompetent because it showed an offer of compromise, and was prejudicial as tending to show that plaintiff was assuming to exercise ownership over the lumber. We think the letter shows neither an offer of compromise nor assumption of ownership over the lumber by the plaintiff. The evidence may have been immaterial, but we think it was not prejudicial, because it had no bearing on the only issue of fact submitted for the jury's determination, and disclosed nothing to the jury that had not been disclosed by competent evidence.

The evidence shows that upon the trial of the case in the district court the defendant offered specimens of the lumber in evidence. Plaintiff contends that defendant, in using the lumber to offer in evidence, exercised acts of ownership over the lumber which were inconsistent with its position that it had refused to accept the lumber. It is also disclosed that the plaintiff offered in evidence samples of the lumber. If taking samples of the lumber and offering in evidence was an exercise of ownership, then both parties were in the same position. We think neither is entitled to take any advantage of the other's act in this respect. Such acts might be submitted to the jury for consideration in determining the question as to whether or not the defendant had accepted the lumber. The mere fact of this use of a few pieces of lumber by the defendant, especially in view of the fact that the plaintiff had made a like use of certain parts of the lumber, would not justify the court in saying as a matter of law that defendant had accepted the lumber. There are other errors of law assigned, but the view that we have taken of the case makes it unnecessary to consider them. The only live question in the case was whether or not the defendant accepted the lumber, and that question was properly submitted to the jury for its determination.

The verdict is conclusive. We therefore recommend that the judgment of the district court be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.